UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TAMMIE S.,[1]

        Plaintiff,

   v.     3:24-CV-490 (MJK)

LELAND DUDEK,
Acting Commissioner of Social Security

        Defendant.

---

PETER A. GORTON, ESQ., for Plaintiff
CANDACE BROWN CASEY, Special Asst. U.S. Attorney, for Defendant

MITCHELL J. KATZ, U.S. Magistrate Judge

## MEMORANDUM-DECISION AND ORDER

Plaintiff commenced this action under the Social Security Act (42 U.S.C. § 405(g)) seeking judicial review of the final decision of the Commissioner of Social Security, denying his application for benefits. (Dkt. 1). This matter was referred to this Court for all proceedings and entry of a final judgment, pursuant to N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1, and the consent of the

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify the plaintiff using only his first name and last initial.

1

parties. (Dkt. 7). Both parties filed briefs (Dkts. 9, 13, 14) which the Court treats as motions under Fed. R. Civ. P. 12(c), in accordance with General Order 18.

## I.     PROCEDURAL HISTORY

Plaintiff applied for benefits on August 26, 2014.[2] The application was denied, Plaintiff appealed, and this Court remanded for consideration of Plaintiff's treating physician, Dr. Dean's opinions with respect to Plaintiff's fibromyalgia. *See Tammie S. v. Berryhill*, No. 3:18-CV-174 (CFH), 2019 WL 859263 (N.D.N.Y. Feb. 22, 2019). On remand, Plaintiff was found to be disabled as of September 27, 2019, but not prior to that date. Plaintiff appealed, and the matter was again remanded by this Court due to the ALJ's failure to consider Dr. Dean's opinions at step 2 of the sequential evaluation process as it relates to fibromyalgia. *See Tammie S. v. Berryhill*, No. 3:20-CV-1021 (ML), 2022 WL 356754 (N.D.N.Y. Feb. 7, 2022). Thus, the Plaintiff's claim returns to this court for a third time.

The ALJ's decision subject to this appeal found that Plaintiff was disabled effective June 5, 2019, but not beforehand. (T. 1087). On this appeal, the Commissioner "acknowledges that remand for further proceedings limited to the period of August 26, 2014, through June 4, 2019, is appropriate." (Def. Br., at 2). The issues on this appeal are (1) whether the ALJ's decision denying DIB for the

---

[2] Plaintiff sought disability insurance benefits ("DIB") under Title II of the Social Security Act for the period between March 30, 2009, the alleged disability onset date, through September 30, 2010, the date Plaintiff was last insured for DIB.

2

period 2009 through 2010 is supported by substantial evidence, and (2) whether the application for Title XVI benefits should be remanded for a calculation of benefits.[3]

## I. TITLE II DISABILITY INSURANCE BENEFITS MARCH 30, 2009 - SEPTEMBER 30, 2009

The ALJ's decision denying DIB for the period from March 30, 2009 through September 30, 2010, is supported by substantial evidence and was in no way affected by legal error. Simply stated, there is no direct medical evidence for the period in question, the ALJ noting "with regard to the conditions as they pertain to the period prior to the date last insured [September 30, 2010], [ ] the record lacks evidence of diagnoses and extensive treatment at that time." (T. 1084). Indeed, as the Commissioner correctly observes, Plaintiff's discussion about the medical record evidence begins with April 2011. (Pl. Brief, at 2). While an argument could be made that Dr. Dean's medical records suggest the existence of conditions prior to his April 2011 note, it is too significant a period to bridge simply by logical inference. In any event, it is not within this Court's purview to endeavor to bridge that gap, given the deferential standard of review on appeal. *See Tate c. Commissioner of Social Security,* No. 20-CV-5762, 202 WL 5368368, at *5

---

[3] The Commissioner agrees that "the finding that Plaintiff is disabled as of June 5, 2019 will remain undisturbed." (Def. Br. at 2, fn. 3).

(E.D.N.Y. Aug. 22, 2023) ("the statutory standard of review in social security cases is highly deferential to the presiding ALJ").

## II.    TITLE XVI SUPPLEMENTAL SECURITY INCOME BENEFITS AUGUST 26, 2014 – JUNE 4, 2019

As the Commissioner concedes that remand is appropriate, the question presented is whether the Court should remand for a calculation of benefits only. While Plaintiff has a basis to seek such relief, the Court agrees with the Commissioner that remand for a calculation of benefits is not warranted on this record.

Remand solely for the calculation of benefits is proper only when "further development of the record would serve no purpose. *See Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 1999). Further development of the record serves no purpose where there is "persuasive evidence of a total disability." *Id.* Persuasive evidence of a disability exists when the record unequivocally demonstrates that the claimant is disabled. *See Brian D. v. Commr. of Soc. Sec.*, No. 3:21-CV-1368 (CFH), 2023 WL 1765429 at *12 (N.D.N.Y. Feb. 3, 2023). Persuasive evidence includes evidence of a "infinitesimal likelihood of employment" or lack of evidence to support a finding that the claimant could perform "substantial gainful work which was available in the national economy." *Williams*, 204 F.3d at 50 (citations omitted). However, when gaps exist in the administrative record, a remand solely for the calculation of benefits is inappropriate. *See Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999).

Gaps in the administrative record exist when there is conflicting medical evidence regarding the extent of the claimant's disability. *See Roman v. Berryhill*, No. 17-CV-02804, 2018 WL 7291422, at *9 (S.D.N.Y. May 9, 2018). Gaps also exist when the Administrative Law Judge ("ALJ") fails to properly examine the claimant's disability. *See Butts v. Barnhart*, 388 F.3d 377, 386–87 (2d Cir. 2004). In *Butts*, further proceedings were appropriate where the ALJ failed to call a vocational expert, which would have affected the disability analysis. *Id.*, at 387.

Finally, gaps may exist in the record when the ALJ misapplies any step of the five-step disability determination process. *See Michaels v. Colvin*, 621 F. App'x 35, 38–39 (2d Cir. 2015); *See Williams*, 204 F.3d at 50. In *Michaels*, the ALJ applied hypotheticals that were insufficient "to resolve the Step Five inquiry." *Michaels*, 621 F. App'x at 39. In *Williams*, the Commissioner did not complete step five of the sequential analysis, since they incorrectly found the claimant was not disabled at step four. *See Williams*, 204 F.3d at 49. There, the court ruled that although the Commissioner's outcome at step four was incorrect, step five of the sequential analysis must nevertheless be completed before the case could be remanded solely for calculation of benefits. *Id.* at 50.

Here, the ALJ failed in numerous respects to properly analyze the record evidence, for the period August 26, 2014 through June 4, 2019, by not assessing:

5

1. the medical opinions of the treating physicians (Drs. Dean and Rasheed, and Family Nurse Practitioner Benjamin) in accordance with 20 C.F.R. §§404.1527 and 416.927;[4]

2. whether fibromyalgia is a severe medically determinable impairment, and if so, its impact on Plaintiff's residual function capacity, if any;

3. whether obesity is a severe medically determinable impairment, and if so, its impact on Plaintiff's residual function capacity, if any; and

4. whether after properly considering the medical evidence, Plaintiff would be either off-task and/or absent beyond employer tolerance levels.

None of these deficiencies, however, establish a basis for a remand for calculation of benefits because these deficiencies, unfortunately, deny the Court the ability to assess whether there is persuasive evidence of a total disability during the relevant period and/or whether upon a proper assessment of the medical evidence, Claimant could perform "substantial gainful work which was available in the national economy." *Williams*, 204 F.3d at 50. On this latter issue, the Court notes that even based upon the improperly constructed RFC, three occupations were identified which had only 15,670, 5659 and 6396 jobs in the national economy, respectively. It is debatable whether these constitute "significant numbers in the national economy." *See Hamilton v. Commissioner*, 105 F. Supp. 3d 223, 231 (N.D.N.Y. 2015) (5,160 jobs nationally not a significant number); *see also Hanson v. Commissioner,* No. 3:15-CV-0150 (GTS/WBC), 2016 WL 3960486, at *13

---

[4] The application was filed before March 27, 2017.

6

(N.D.N.Y. 2016) ("Courts have held that numbers varying from 9,000 upwards constituted 'significant.'"), *report and recommendation adopted sub nom.*, *Hanson v. Colvin*, 2016 WL 3951150 (N.D.N.Y. 2016); *Leonard v. Heckler*, 582 F. Supp. 389, 391 (M.D. Pa. 1983) (4,000 to 5,000 jobs nationwide not a significant number); *Gutierrez v. Commissioner*, 740 F.3d 519, 529 (9th Cir. 2014) ("the ALJ's finding that 25,000 national jobs is sufficient presents a close call"). Whether this becomes an issue after the third hearing remains to be seen.

**WHEREFORE**, based on the findings above, it is,

**ORDERED**, that Plaintiff's motion for judgment on the pleadings (Dkt. 9) for disability insurance benefits under Title II for the period March 30, 2009 through September 30, 2010 is **DENIED**; and it is further

**ORDERED**, that Defendant's motion for judgment on the pleadings (Dkt. 13) for disability insurance benefits under Title II for the period March 30, 2009 through September 30, 2010 is **GRANTED**, and it is further

**ORDERED**, that Plaintiff's motion for remand for a calculation of benefits is **DENIED**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings for remand for further administrative proceedings with respect to Plaintiff's application for supplement security income pursuant to Title XVI of the Social

Security Act for the period August 26, 2014 through June 4, 2019 is **GRANTED** on consent of the Defendant; and it is further

**ORDERED**, that Defendant shall conduct its further administrative proceedings consistent with the foregoing decision and the prior decisions of this Court entered in 2019 and 2022, including assessing all the medical evidence (and Dr. Dean's deposition testimony) provided by the treating medical professionals in accordance with the "treating physician" rule, determining whether fibromyalgia and obesity are severe medical impairments, and whether plaintiff would be off-task or absent beyond employer tolerance levels; and it is further

**ORDERED**, that the award of benefits from June 5, 2019 forward shall remain undisturbed, and it is further

**ORDERED**, that Defendant shall complete its further administrative proceedings within 120 days of the entry of this Order and, if that decision is a denial of benefits, a final decision of the Commissioner shall be rendered within 60 days of Plaintiff's appeal from the ALJ's decision.[5]

Dated: July 1, 2025

                                                                        Hon. Mitchell J. Katz
                                                                        U.S. Magistrate Judge

---

[5] *See Gabriel v. Comm'r of the SSA*, 729 F. Supp. 3d 274 (E.D.N.Y. Apr. 3, 2024) (where claim for benefits had been pending for 8 years, the Court directed the ALJ to complete further proceedings within 60 days of the issuance of its order and, if that decision is a denial of benefits, a final decision of the Commissioner be rendered within 60 days of Claimant's appeal from the ALJ's decision). Here, the claim has been pending for 10 years, so 120 days within which Defendant to complete its further administrative proceedings is reasonable.